﻿Citation Nr: AXXXXXXXX
Decision Date: 06/25/19 Archive Date: 06/24/19

DOCKET NO. 190326-7352
DATE: June 25, 2019

ORDER

Service connection for post-traumatic stress disorder (PTSD) is denied.

FINDING OF FACT

The preponderance of the evidence of record is against finding that the Veteran has had a diagnosis of PTSD in accordance with the Diagnostic and Statistical Manual of Mental Disorders at any time during or approximate to the pendency of the claim.

CONCLUSION OF LAW

The criteria for service connection for PTSD have not been met. 38 U.S.C. §§ 1101, 1131, 5107(b); 38 C.F.R. §§ 3.303, 3.304(f).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 1962 to November 1966, with service in Vietnam from March 1965 to January 1996.

The Board notes that the rating decision on appeal was issued in September 2018. In January 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the March 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Entitlement to service connection for PTSD.

The Veteran contends that he has PTSD as a result of service in Vietnam. 

Compensation may be awarded for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131. Service connection basically means that the facts, shown by evidence, establish that an injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 C.F.R. § 3.303.

Service connection may be granted for any disease diagnosed after discharge, when the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Establishing service connection generally requires (1) evidence of a current disability; (2) evidence of in- service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996) (table); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a), (d).

 Service connection for PTSD requires medical evidence diagnosing the condition in accordance with the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-V), of the American Psychiatric Association; a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f), 4.125(a). If the evidence establishes that the Veteran engaged in combat with the enemy and the claimed stressor is related to that combat, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the circumstances, conditions, or hardships of the Veteran’s service, the Veteran’s lay testimony alone may establish the occurrence of the claimed in-service stressor. 38 C.F.R. § 3.304(f).

The Board concludes that the preponderance of the evidence of record is against finding that the Veteran has had a diagnosis of PTSD in accordance with the DSM-V, at any time during or approximate to the pendency of the claim. 38 U.S.C. §§ 1101, 1131, 5107(b); 38 C.F.R. §§ 3.303, 3.304(f).

Service treatment records (STRs) reflect no complaints or abnormal findings for the psychiatric system There are no diagnosed psychiatric conditions during active service to include PTSD. A September 1966 service separation examination reflects normal clinical evaluation of the psychiatric system, and the Veteran denied a history of frequent trouble sleeping, frequent or terrifying nightmares, depressive or excessive worry, and nervous trouble of any sort.

Private treatment records dated 2009 to 2013 reflect that the Veteran was seen for bladder cancer. These records do not reflect psychiatric complaints or evaluation of psychiatric disorder. The Veteran presented to his primary care doctor in May 2018 stating that he wanted to discuss PTSD. A depression screen was negative, but the Veteran noted that he “tends to kick, punch while sleeping, ocas[sionally] yells out, was told by friends he has ‘PTSD.’…” On review of systems, the psychiatric evaluation showed appropriate mood and affect. There was no referral to a mental health professional or diagnosis of any mental disorder.

VA received the Veteran’s application for service connection for PTSD in June 2018.

A September 2018 VA examination report reflects that the Veteran does not have a diagnosis of PTSD that conforms to DSM-V. He reported occasional sleep disturbance and thoughts of the trauma he witnessed in Vietnam. He reported that he was married, maintained contact with his adult children, spends most of his time working part-time as a martial arts instructor and training at a gym 3 days week, and otherwise spends his time fishing and hunting—he noted that he further enjoys walking in the woods and reported “I don’t have any stress” is his primary stressor at this time. As to the PTSD diagnostic criteria, the examiner found that Criterion B was not met as to the presence of intrusive-type symptoms associated with his traumatic event(s); Criterion C, based on lack of persistent stimuli associated with the trauma; Criterion D, based on lack of negative alterations in cognitions and mood associated with the trauma; Criterion E, based on lack of marked alterations in arousal and reactivity; Criterion F, as the duration of the noted symptoms were less than one month, and; Criterion G, as the noted symptoms cause no clinically significant distress or impairment in social, occupational, or other important area of functioning. 

The Board fully accepts that the Veteran is competent to report his Vietnam experiences and stressors, and his symptoms. The Board further accepts that the Veteran’s spouse is competent to report her observations of the Veteran, which included seeing him appear apprehensive in crowd, on guard, defensive, and kicking in his sleep. However, neither is competent to diagnose the Veteran with PTSD or any other psychiatric disorder as this is a complex medical determination that requires medical training and knowledge of the criteria for diagnosing such mental disorders under the DSM-V. A diagnosis of mental disorder is not susceptible to lay observation. Lay persons are not competent to determine that their symptoms or observed symptoms in others meets the criteria for a diagnosed mental disorder under the DSM-V. It is noted that effective August 4, 2014, 38 C.F.R § 4.125(a) requires that a PTSD diagnosis must conform to DSM-V. 80 Fed. Reg. 14308 (March 19, 2015). Therefore, the lay opinions that the Veteran has PTSD (or any other mental disorder) has no probative value.

The Board assigns greater probative value to the September 2018 VA PTSD examination finding that the Veteran does not have a diagnosis of PTSD that conforms to DSM-V. This medical determination is more probative than the lay evidence of record as it was prepared by a skilled, trained, neutral medical professional after examining the Veteran and review of his claims file. The examiner clearly reported the Veteran’s symptoms and why he did meet the criteria for a diagnosis of PTSD under the DSM-V. The Veteran had not identified nor provided other medical evidence showing any mental disorder to include PTSD to weigh in this matter.

On balance, the weight of the evidence is against the claim. Again, the Veteran’s stressor is not in dispute here; but rather, the evidence shows he does have a diagnosis of PTSD (or any other mental disorder) that conforms to the DSM-V.

Accordingly, the claim is denied. There is no doubt to resolve. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

C.A. SKOW

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Thaddaeus J. Cox, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.